UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE HOUSTON HOBBS,

        Plaintiff,

v.

        Case No. 22-cv-467-pp

NICHOLAS WILLIS, *et al.*,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) DENYING PLAINTIFF'S MOTION FOR AN ORDER PERMITTING HIM TO ELECTRONICALLY FILE (DKT. NO. 3) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO USE ELECTONIC DEVICES IN THE COURTROOM (DKT. NO. 3)**

---

The plaintiff, representing himself, filed a complaint on April 15, 2022. Dkt. No. 1. That same day, the plaintiff filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and a motion for order to file electronically and use electronic devices in the courtroom, dkt. no. 3.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff's request indicates that he is married and has an adult son to whom he provides $1,000 in support each month. Dkt. No. 2 at 1. He says he has no income of his own, but that his wife has a monthly wage or salary of

1

$10,000. Id. at 2. He lists $40,000 in retirement funds as an additional source of income. Id. The plaintiff asserts that his monthly expenses total $5,800, but the amounts he lists actually add up to $6,000 ($3,500 mortgage, $1,200 credit card payments, $1,000 other household expenses, $300 court fees/prep). Id. at 3-4. The plaintiff owns a 2015 Dodge Ram with an approximate value of $29,000, his home is worth $600,000 with approximately $125,000 of equity and he says he has no cash on hand or in a checking or savings account and he owns no other property of value. Id. at 3-4.

The plaintiff's monthly income exceeds his expenses by $3,000. The court finds that he has sufficient funds to pay the $402 filing fee for this case and will deny the plaintiff's motion to proceed without prepaying the filing fee and order him to pay the full filing fee by the date the court orders below.

## II. Motion for Permission to E-File and Use Electronic Devices

### A. E-Filing

The plaintiff requests permission to electronically file documents on CM/ECF. He discusses the cumbersome effect of paper filing on "modern court clerks" and expresses concern over the costs of filing in person and through the mail. Dkt. No. 3 at 2-3. The plaintiff says that he lives in Comal County, Texas, which is a several-day trip by train to the Eastern District of Wisconsin, meaning he would need to spend considerable time and money going back and forth to deliver his filings in person. Id. at 3. He also complains about the four or more dollars it would cost to send all pleadings and exhibits through the

mail and explains his concerns with the reliability of effective delivery through the United States Postal Service. Id.

General Local Rule 5(a)(2) (E.D. Wis.) exempts self-represented parties from the district's electronic filing requirements. Section I(A)(1) of the court's Electronic Case Filing Policies and Procedures Manual states that parties who are representing themselves cannot file electronically unless authorized by the court. https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures. This court does not grant self-represented parties leave to file electronically absent extraordinary circumstances.

The plaintiff's concerns about U.S. Postal Service delivery of documents do not constitute extraordinary circumstances. There is no need for the plaintiff to file his documents in person. This court has presided over numerous cases in which a plaintiff has represented himself or herself. In many of those cases, the plaintiff has used the U.S. mail without incident to file necessary documents. The court will deny the plaintiff's motion for e-filing.

B.   Use of Electronics

Next, the plaintiff requests permission to use "certain electronic[s]" in the courtroom. Dkt. No. 3 at 3. He states that he has "identified a well-drafted local rule" and offers it to the court for consideration; the rule appears to be from a court in Douglasville, Georgia. Id. at 4. The rule he identifies allows attorneys to use their own recording devices to record proceedings in the courtroom.

This court has no such rule, and there is a reason. The court uses court reporters and electronic court recording to make official records of court

3

proceedings. The court puts the audio recordings on the docket and the parties may access them. When court reporters are used to make the record, parties may order transcripts of those hearings. The court does not allow anyone—lawyers, parties or anyone else—to make unofficial recordings of court hearings. The plaintiff states no reason why he cannot rely on official recordings and transcriptions of court proceedings like everyone else does.

### III. Conclusion

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff must pay the $402 filing fee to the Clerk of Court in time for the clerk to *receive* it by the end of the day on **June 17, 2022**. If by the end of the day on June 17, 2022 the court has not received the full filing fee, the court may dismiss the case for the plaintiff's failure to diligently prosecute it. Civil L.R. 41(c).

The court **DENIES** the plaintiff's motion for leave to file electronically. Dkt. No. 3.

The court **DENIES** the plaintiff's motion to use certain electronics in the courtroom. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 26th day of May, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**