UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOUSTON HOBBS,

        Plaintiff,

  v.                                 Case No. 22-cv-467-pp

NICHOLAS WILLIS, ALEJANDRO PADILLA,
TIM ZARZECKI, CHRISTOPHER SMITH,
BRIAN SMITH, JOHN/DOE,
and MOUNT PLEASANT POLICE DEPARTMENT,

        Defendants.

**ORDER DENYING PLAINTIFFS CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO DENY PLAINTIFFS[1] MOTION TO DISMISS AND TO SANCTION, ORDER AND COMPEL (DKT. NO. 11)**

      The plaintiff filed this lawsuit on April 15, 2022. Dkt. No. 1. The defendants answered the complaint on July 11, 2022. Dkt. No. 8. On July 13, 2022, the court issued an order requiring that by August 3, 2022, the parties must file a joint plan under Federal Rule of Civil Procedure 26(f). Dkt. No. 9.

      On August 4, 2022, the plaintiff filed a motion under Civil Local Rule 7(h) (E.D. Wis.) asking this court to (1) rule in his favor on the defendants' motion to dismiss; (2) sanction the defendants for their alleged failure to comply with the court's July 13, 2022 order; and (3) sanction, order and compel the

---

[1] The body of the motion asks the court to deny the motion to dismiss filed by the *defendants*, so it appears that the reference to the "plaintiffs motion" in the caption is an error.

1

defendants to accept the plaintiff's discovery plan. Dkt. No. 11. The defendants oppose the motion. Dkt. No. 12.

**I.  Analysis**

    A.   <u>Request that the Court Rule in the Plaintiff's Favor on the Defendants' Motion to Dismiss</u>

The plaintiff asks this court to rule in his favor on the defendants' motion to dismiss, but the defendants have not filed a motion to dismiss. The defendants answered the complaint on July 11, 2022. Dkt. No. 8. At the end of the answer, the defendants asserted seventeen affirmative defenses, including the affirmative defense that "[a]ll or portions of Plaintiff's Complaint must be dismissed because one or more Defendants have no personal involvement whatsoever in the events lead to or surrounding the incident which is the basis of this lawsuit." <u>Id.</u> at 17, ¶m. The plaintiff appears to have construed this affirmative defense as a motion to dismiss the case. Dkt. No. 11 at 1. It is not a motion to dismiss the case (although the defendants indicate that they plan to file a formal motion to dismiss under Fed. R. Civ. P. 12(c), dkt. no. 12 at 2).

Fed. R. Civ. P. 8(b)(1)(A) requires that when a party is responding to a complaint, that party must "state in short and plain terms its defenses to each claim asserted against" the responding party. Rule 8(c) says that the answering party must "affirmatively state" such defenses, and it gives a laundry list of just some of the many affirmative defenses a party might assert. Fed. R. Civ. P. 12(b) echoes this requirement, requiring that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."

2

Case 2:22-cv-00467-PP   Filed 10/28/22   Page 2 of 13   Document 14

"An affirmative defense 'limits or excuses a defendant's liability even if the plaintiff establishes a *prima facie* case." Bell v. Taylor, 827 F.3d 699, 704-05 (7th Cir. 2016) (quoting Tober v. Graco Children's Prods., Inc., 431 F.3d 572, 579 n.9 (7th Cir. 2005)). "In other words, an affirmative defense is '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true.'" Id. at 705 (citing *Defense*, BLACK'S LAW DICTIONARY (10th ed. 2014)). For some affirmative defenses, a defendant's "failure to plead" the affirmative defense—failure to include it in the answer—"may result in a waiver of the defense if the defendant has relinquished it knowingly and intelligently, or forfeiture if the defendant merely failed to preserve the defense by pleading it." Reed v. Columbia St. Mary's Hospital, 915 F.3d 473, 478 (7th Cir. 2019) (citing Wood v. Milyard, 566 U.S. 463, 470 & n.4 (2012)).

The defendants included in their answer seventeen defenses that they might raise to the allegations in the complaint. This does not mean they *will* raise those defenses, or that at this point in the case they are asking the court to decide whether those defenses are valid. By listing the defenses in their answer, the defendants are preserving their ability to raise those defenses later in the litigation. So, at some point in the future, one or more of the defendants may ask the court to dismiss the claims against them on the ground that they were not personally involved in the events the plaintiff described in the complaint. But at this stage, no defendant has asked the court to dismiss the

case or to dismiss a defendant. The court will deny the plaintiff's motion to rule in his favor on a motion that has not been filed.

The court notes that the defendants did indicate that they plan to file a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). That rule states that after the pleadings have closed—which now has happened in this case—but early enough not to delay trial, a party may ask the court to issue judgment in that party's favor based solely on the allegations in the pleadings. If the defendants ever file such a motion, the court will not rule on it until the plaintiff has had the opportunity to respond.

> B. Request that the Court Sanction the Defendants for Failure to Comply with the Court's July 13, 2022 Order and Order the Defendants to Accept the Plaintiff's Rule 26(f) Plan

On July 13, 2022, the court ordered the parties to "meet to discuss the nature and basis of their claims and defenses, the possibilities for prompt settlement, the timing for the initial disclosures required by Rule 26(a)(l), and a proposed discovery plan." Dkt. No. 9 at 1. The order required that on or before August 3, 2022, the parties must file a joint, written report outlining their discovery plan. Id. The order indicated that defense counsel was responsible for filing the report and providing a copy to the plaintiff. Id. It stated that if the parties were "not able to agree on the terms of a joint report, they may file separate reports." Id.

On August 3, 2022, the defendants filed a proposed Rule 26(f) report and discovery plan. Dkt. No. 10. They attached to the report a letter to the court from the defendants' counsel, explaining that on the morning of August 3,

4

2022, the parties had met via telephone, but that the plaintiff "refused to discuss proposed dates as required by Rule 26(f) or engage in any discussion regarding the nature of the case," insisting that defense counsel provide him with a template to fill in. Dkt. No. 10-1. Counsel indicated that she explained to the plaintiff that all that was required was that the parties discuss possible dates and the nature of the case and that she would send him a copy of the plan before filing it with the court, but the plaintiff still refused to engage in a discussion. Id. Counsel reported that she sent the plaintiff a template, as he'd requested, but that she had not yet received a response. Id. Accordingly, the defendants filed a separate Rule 26(f) plan. Id.

The plaintiff asserts that the defendants "were unresponsive to Plaintiffs timely request to confer on the Presiding Judges Orders of 07/13/22." Dkt. No. 11 at 3, ¶8. He alleges that the defendants' counsel attempted to coerce him—an unrepresented party—into

> accepting false statements regarding Plaintiffs obligations, the contents of judge's orders of 07/13/22 and submitting a "last minute" discovery plan, pursuant to those orders, in which Plaintiff would have waived certain rights, thereby unlawfully attempting to coerce a Plaintiff proceeding *Pro Se*, in violation to said counsels ethical obligations, the laws of the State of Wisconsin and the laws of the United States.

Id. at 3, ¶9. The plaintiff believes that he is "not under any obligation to comply with orders of this Court which require coordination by and which the Defendants do not timely engage in coordination." Id. at 3, ¶10. He asks the court to sanction the defendants for alleged "ethical violations pursuant to taking advantage of an unrepresented party, by denying their request for

5

reimbursement of attorney's fees and costs, in all things, for the duration of this litigation." Id. at 3. He also asks the court to order that within fifteen business days of the court issuing this order, the defendants must accept *his* Rule 26(f) plan, which he says he attached to the motion. Id. (While the plaintiff attached a proposed order to his motion, it is not a Rule 26(f) plan. Dkt. No. 11-1.)

Rule 26(f) requires the parties to meet and confer to "consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(2). The rule says that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Id. The court's July 13, 2022 order required the parties to comply with this rule and to try to jointly draft the Rule 26(f) report.

While the plaintiff makes conclusory allegations that defense counsel attempted to coerce him into waiving rights, the plaintiff has not described the rights he believes defense counsel was trying to coerce him into waiving. The plaintiff could have advised defense counsel of his preferences for dates for making initial disclosures, the subjects of discovery, deadlines for completing discovery and any issues involving claims for privileges or protections. If he and

6

defense counsel were not able to agree on these dates and issues, the plaintiff could have filed his own, separate proposed Rule 26(f) plan. Rule 26(f) does not permit a party to demand a blank template or to refuse to participate in the meet-and-confer session. The plaintiff has not demonstrated that the defendants failed to comply with the court's July 13, 2022 order or that they have behaved unethically. The court will deny the motion for sanctions.

Nor will the court order the defendants to accept the plaintiff's proposed Rule 26(f) plan. First, he hasn't proposed a plan—at least, he hasn't filed a proposed plan with the court. Second, the reason Rule 26 and this court require parties to meet and confer is to encourage parties to try to find dates that work for *both* sides. Parties do this all the time; the court receives many joint, agreed Rule 26(f) plans. It is not clear that the plaintiff even gave defense counsel an opportunity to agree to his proposals, or that he heard defense counsel out about her proposals. He simply insists that the court should adopt whatever plan he thinks is appropriate, with no input from the defendants. That is not how discovery works in federal court. And contrary to what the plaintiff states in his motion, he *is* required to comply with the orders of this court if he wants to litigate in this court. This court ordered him to meet and confer with the defendants; it appears he did not comply with that order. The court will not sanction the defendants for unethical conduct when there is no evidence of such conduct.

The plaintiff has not identified any authority that would allow the court compel the defendants to accept the plaintiff's proposed Rule 26(f) plan (if he

7

had filed one). Rule 37 allows a party to move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). The rule does not authorize a party to move for an order compelling the acceptance of that party's proposed Rule 26(f) discovery plan. Even if it did, Rule 37 is clear that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Id. This court's Local Rule 37 requires the same. Civil L.R. 37 ("All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences."). The plaintiff has not included a certification that he made a good-faith attempt to confer with the defendants. The court will deny the plaintiff's motion to sanction, order and compel the defendants to accept a Rule 26(f) discovery plan by the plaintiff.

Because it appears that the plaintiff may not understand how federal discovery works, and because he appears to believe that he filed a Rule 26(f) plan when he did not, the court will give the plaintiff the opportunity to file his own proposed Rule 26(f) report and discovery plan. The court will set a deadline for the filing of that plan at the end of this order.

8

## C. Expenses Incurred in Effecting Service

The plaintiff attached to his motion a proposed order. Dkt. No. 11-1. The proposed order is styled as a sort of "check-the-box" form, where the court may select the option for granting his motion in full (the first column) or denying it, in which case the plaintiff indicates that he will appeal (the third column). Id. Should the court select the "grant" column, the second row proposes that the court order the defendants to pay him "an amount of three (3) time[s] his actual process of service expenditures for failure to waive process of service." Dkt. No. 11-1 at 1. (It also proposes that the court prospectively deny an attorneys' fees the defendants might request and order them to accept his Rule 26(f) plan. Id.).

The issue of service of process appears to be related to the plaintiff's mistaken belief that the defendants had filed a motion to dismiss the case. In arguing that the court should deny the (non-existent) motion, the plaintiff argued that the complaint and summons were properly served. Dkt. No. 11 at 2, ¶5. He also asserted that the defendants did not respond to his request for waiver of service, requiring him to serve them. Id. at 2, ¶6. He asserted that he was "entitled to reimbursement of his related expenses." Id.

The plaintiff does not specifically state in his motion that he is moving for payment of expenses incurred in serving the defendants, and he does not cite the relevant rule. Rule 4 states that "[a]n individual, corporation, or association subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). If a defendant

9

subject to this rule "fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

The court will deny the plaintiff's request—assuming that it *is* a request—without prejudice. First, as to the Mount Pleasant Police Department: service on the Mount Pleasant Police Department, as a local government entity, is governed by Rule 4(j)(2). That department is not "subject to service under Rule 4(e), (f), or (h)," and thus Rule 4(d) is not applicable. As to the individual defendants, the plaintiff has not provided proof that he served them, or that he provided them with the opportunity to waive service. Nor has he given the defendants sufficient notice that he is seeking Rule 4(d)(2) reimbursement of service expenses; he buried this request in a motion asking the court to deny an unfiled motion to dismiss and to sanction the defendants in relation to the preparation of a Rule 26(f) motion.

If the plaintiff did provide the individual defendants with the opportunity to waive service, if they declined, if he served them and if he incurred costs in serving them, the plaintiff may file a motion seeking reimbursement of expenses under Rule 4(d)(2) and providing proof.

D. Other Issues

The plaintiff filed this motion under the court's Civil Local Rule 7(h). That rule provides for shorter motions, responses and replies and expedited rulings

in circumstances where there is a deadline looming and proceeding under the usual motion schedule (Civil Local Rules 7(a)-(c), which give the non-moving party twenty-one days to respond and the moving party fourteen days to reply) would run afoul of the looming deadline. Rule 7(h) most frequently is used in discovery, when the discovery deadline is coming up and spending over a month on briefing would cause the parties to run up against the deadline for completing discovery. Generally when parties file routine litigation motions, they should use the motion schedule described in Civil L.R. 7(a)-(c), not Rule 7(h).

The plaintiff's motion indicated that it must be filed electronically. Dkt. No. 11 at 1. His proposed order included an instruction that, if the court granted his motion, the clerk of court must "execute electronic notification in the manner prescribed below." Dkt. No. 11-1 at 1. The plaintiff twice has asked the court to allow him to file electronically. Dkt. Nos. 3, 5. The court has denied both of those requests. Dkt. Nos. 4, 13.

Finally, the plaintiff's proposed order provided that to the extent that the plaintiff objected to the court's order, the court granted him permission to file an appeal "pursuant to any Fed. R. App. P. R. inclusive of but not limited to R.4 or R.5 and has ____ number of days remaining to file his appeal with the United States Court of Appeals for the Seventh Circuit from the final judgment entered in this action on _____, 20__." Dkt. No. 11-1 at 2. "As a general rule, the district court must issue a final order before an appellate court has jurisdiction to entertain an appeal." Abelesz v. Erste Group Bank AG,

11

695 F.3d 655, 658 (7th Cir. 2012)). See also 28 U.S.C. §1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States . . . .") (emphasis added). "A party generally may not take an appeal under § 1291 until there has been a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Van Cauwenberghe v. Baird, 486 U.S. 517, 521 (1988). "So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).

This order is not a decision that ends the litigation. It does not resolve all the plaintiff's claims, or even *any* of the plaintiff's claims. So the plaintiff cannot appeal this order under 28 U.S.C. §1291. There *is* a mechanism which allows a party to seek review of a non-final order. Section 1292 of Title 28 allows a district court, under certain circumstances, to certify an order for appeal even though it is not final; this is called an "interlocutory appeal." Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, at its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"Interlocutory appeals are frowned on in the federal judicial system." Sterk v. Redbox Automated Retail, LLC, 672 F.3d 535, 535 (7th Cir. 2012). "They interrupt litigation and by interrupting delay its conclusion; and often the issue presented by such an appeal would have become academic by the end of the litigation in the district court, making an interlocutory appeal a gratuitous burden on the court of appeals and the parties, as well as a gratuitous interruption and retardant of the district court proceedings." Id. This order does not involve a controlling question of law as to which there is a substantial difference of opinion. The immediate appeal from this order will not materially advance the termination of the litigation; quite the contrary. The court will not certify an interlocutory appeal.

## II. Conclusion

The court **DENIES** the plaintiff's motion to dismiss and to sanction, order and compel. Dkt. No. 11.

The court **ORDERS** that the plaintiff must file his proposed Rule 26(f) report and discovery plan in time for the court to *receive it* by the end of the day on **December 2, 2022**. If the court does not receive the plaintiff's proposed Rule 26(f) report and discovery plan by the end of the day on December 2, 2022, the court will adopt the plan proposed by the defendants.

Dated in Milwaukee, Wisconsin this 28th day of October, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**