UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOUSTON HOBBS,

    Plaintiff,

v.

                                                  Case No. 22-cv-467-pp

NICHOLAS WILLIS, ALEJANDRO PADILLA,
TIM ZARZECKI, CHRISTOPHER SMITH,
BRIAN SMITH, JOHN/JANE DOE,
MOUNT PLEASANT POLICE DEPARTMENT and
VILLAGE OF MOUNT PLEASANT,

    Defendants.

**ORDER DENYING PLAINTIFF'S REQUEST TO FILE A SUR-REPLY AND RELATED MOTIONS (DKT. NOS. 33, 34, 37, 41), DENYING MOTION TO STRIKE AMENDED COMPLAINT (DKT. NO. 35) AND DENYING MOTION FOR RECUSAL (DKT. NO. 36)**

On April 15, 2022, the plaintiff, who is representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983. Dkt. No. 1. In February 2023 he filed an amended complaint bringing additional claims of conspiracy to violate his civil rights, negligence, negligent hiring and supervision and intentional infliction of emotional distress. Dkt. No. 18. The defendants filed a motion to dismiss the amended complaint for failure to state a claim. Dkt. No. 19. After briefing was completed on that motion, the plaintiff filed a motion for leave to submit an amended pleading under this court's Civil Local Rule 15, dkt. no. 33 (which the defendants oppose, Dkt. No. 40); a Civil Local Rule 7(h) (E.D. Wis.) expedited, non-dispositive amended

1

motion for an extension of time to request and file a sur-reply to the defendants' motion to dismiss, dkt. no. 34; a Civil L.R. 7(h) expedited, non-dispositive motion to strike the amended complaint, dkt. no. 35; a Civil L.R. 7(h) expedited, non-dispositive motion for recusal,[1] dkt. no. 36; a Civil L.R. 7(h) expedited, non-dispositive motion for an extension of time to request and file a sur-reply, dkt. no. 37; and a motion to strike the defendant's opposition brief, dkt. no. 41.

This order addresses all the pending motions except the defendants' motion to dismiss the amended complaint. The court will issue a separate order ruling on the motion to dismiss.

**I.  Background**

When the plaintiff filed this lawsuit in mid-April 2022, he sought leave to file electronically. Dkt. No. 3. The court denied that motion, explaining that the court's local rules excluded self-represented persons from electronic filing and that the court does not grant leave for self-represented persons to file electronically absent extraordinary circumstances. Dkt. No. 4 at 3. The plaintiff asked the court to alter or amend that order, dkt. no. 5; the court denied that request, dkt. no. 13. In both of its decisions, the court found that the plaintiff had not demonstrated any extraordinary circumstances; his complaint that it cost money to mail his documents to the court did not constitute an extraordinary circumstance.

---

[1] This is the plaintiff's second motion for recusal. The court denied the first motion (Dkt. No. 24) on July 7, 2023. Dkt. No. 26.

2

The defendants filed their motion to dismiss the amended complaint on February 23, 2023. Dkt. No. 19. Under Civil Local Rule 7(b), the plaintiff's brief in opposition was due twenty-one days later—on March 16, 2023. On March 22, 2023—five days after that deadline—the court received from the plaintiff a motion for an extension of time to respond, saying that the defendants had not timely provided him notice of the motion and that he'd not received it until March 17, 2023—the day *after* his response was due. Dkt. No. 24. (The plaintiff also reiterated his objections to the court's ruling denying his request to file electronically, accusing the court of being biased against him and the defendants of having a history of committing perjury.) The court granted the plaintiff's motion and gave the plaintiff a deadline of August 25, 2023—five months after his response originally was due, and almost forty-five days after the court issued its order—by which to file his opposition brief. Dkt. No. 26.

On August 28, 2023, the court received from the plaintiff a document titled "Plaintiff's Responsive Memorandum in Opposition to Defendants' 2nd Motion to Dismiss Requesting by Motion Leave to File a 2nd Amended Complaint." Dkt. No. 30. On the third page of the twenty-eight-page document, the plaintiff asked "permission of the court to take leave to submit a 2nd Amended Complaint, pursuant to Plaintiffs *Pro Se* entitlements, requesting 45 days to submit said complaint after it being ordered by the presiding official of this cause, for the purposes of meeting '*judicial efficiency*' needs of this bar, and for no other reason." Id. at 3. The remainder of the document consisted of the plaintiff's substantive arguments in opposition to the defendants' motion to

3

dismiss the amended complaint. At the end of the document, the plaintiff asked the court to find that the defendants had failed to answer the complaint, or to strike the defendants' motion to dismiss, or to hold a hearing. Id. at 26. He continued to object to the court's denial of his request to file electronically. Id.

On September 11, 2023, the defendants filed their reply brief in support of their motion to dismiss. Dkt. No. 32. After responding to the plaintiff's substantive arguments, the defendants argued that the plaintiff was not entitled to file a second amended complaint because he had not followed Civil L.R. 15 (which requires a party seeking to amend to reproduce the entire pleading as amended, prohibits incorporating prior pleadings by reference and requires the party to attach the amended pleading to the motion for leave to amend). Id. at 6-8.

Two months later, on November 6, 2023, the court received from the plaintiff five documents. Dkt. Nos. 33-37. The signature block of one of the documents said that it was "signed electronically 9/15/23." Dkt. No. 37 at 4. In that document, the plaintiff represented that he was in Mexico and that he had no access to "his or any other US postal facility" until September 26. Id. at 3. The signature blocks of two of the documents stated that they were "signed electronically 9/27/2023." Dkt. No. 33 at 3; Dkt. No. 34 at 6. The signature block of a fourth document stated that it was "signed electronically 9/28/2023." Dkt. No. 35 at 4. The signature block of the final document stated that it was "signed electronically 10/31/23." Dkt. No. 36 at 5.

Considering these filings in the order of the dates on which the plaintiff represented that they were signed:

The document signed September 15, 2023 was, according to the plaintiff, signed while he was in Mexico. It said that the defendants had not provided the plaintiff with timely notice of the reply brief they'd filed on September 11, 2023. Dkt. No. 37 at 1. The plaintiff said that he'd learned of that pleading by reviewing PACER, but that as of September 15, 2023, he'd not received the pleading by mail. Id. at 2. He complained that as of that date—September 15, 2023—a "significant amount of his reply period already [was] extinguished." Id. He alleged that the U.S. Postal Service had "denied him the time to prepare and submit his response pleading, pursuant to this courts local rules to submit a Surreply." Id. The plaintiff concluded by saying that he could not respond to the defendants' reply brief until he had returned to the United States, "which occurs after his response time has expired." Id. at 4.

One of the two documents which purported to be electronically signed on September 27, 2023—the day after the plaintiff had represented he'd be returning to the United States from Mexico—is titled "Motion to Submit an Amended Pleading Pursuant to Civ. L.R. 15." Dkt. No. 33. In this document, the plaintiff said that he was seeking to amend his September 15, 2023 motion for an extension of time, that a "[s]urreply [was] warranted to address falsities of facts and legal conclusions" and that he needed an extension of time to file that sur-reply. Id. at 2.

5

The second of the motions which purported to be electronically signed on September 27, 2023 is titled "Amended Expedited Non-Dispositive Motion Requesting Extension of Time Pursuant to Civ. L.R. 7(h) To Request and File a Surreply." Dkt. No. 34. Acknowledging that the court's Civil Local Rule 15 requires a party seeking to amend to specifically state the changes the party is seeking by amendment, the plaintiff stated that it was "appropriate to discard the totality of the prior motion for extension of time dated 9/23/23,[2] as Plaintiff was in Mexico, having had no access to any US postal facility, until the 26th of September . . . ." Id. at 2. The plaintiff went on to list the disagreements he had with the arguments the defendants had made in their reply brief. Id. at 2-6.

In the document which purported to be electronically signed on September 28, 2023, the plaintiff asked to strike his amended complaint (Dkt. No. 18), the complaint the defendants have moved to dismiss. Dkt. No. 35. He asserted that the amended complaint was not properly submitted under the Federal Rules of Civil Procedure or this court's local rules and argued that if the court did not strike the amended complaint, he should be allowed to amend it. Id. at 3.

In the document which purported to be electronically signed on October 31, 2023, the plaintiff accused the court of being biased against him and asked the court to recuse itself. Dkt. No. 36. He alleged that on multiple occasions, the court had accepted perjurious testimony, had admonished him without

---

[2] None of the documents the court received on November 6, 2023 reflected a date of September 23, 2023 in the signature block. The court suspects the plaintiff meant to refer to the motion he'd dated September 15, 2023.

justification solely because he represents himself, had repeatedly denied his requests to file electronically, had not required defense counsel to abide by the local rules and had denied the plaintiff "use of the clerks electronic drop box." Id. at 2. He repeated that he should be allowed to proceed under his original complaint or to amend the amended complaint (Dkt. No. 18). Id. at 5.

On November 13, 2023, the defendants filed a single brief in opposition to four of those motions, dkt. no. 38, and on November 27, 2023, they filed a separate brief in opposition to the plaintiff's motion for leave to amend the complaint, dkt. no. 40. On December 15, 2023, the court received from the plaintiff a motion to strike the defendants' brief in opposition to his motion for leave to amend. Dkt. No. 41.

## II.    Plaintiff's Motion for Extension of Time to Request and File Surreply (Dkt. No. 37)

The motion signed September 15, 2023—which the court assumes is the first prepared of the five documents the court received on November 6, 2023—asked for an "extension" of time to "request and file a surreply." Dkt. No. 37 at 1. In the motion, the plaintiff asserts that as of September 15, 2023, he had not received the defendants' reply brief in support of their motion to dismiss, "with a significant amount of [the plaintiff's] reply period already extinguished." Id. at 2. He accused the U.S. Postal Service of denying him "the time to prepare and submit his response pleading, pursuant to this courts local rules to submit a Surreply." Id.

7

The plaintiff appears to assume that he is entitled to file a sur-reply, and that there is a rule setting a deadline for filing a sur-reply. The plaintiff is mistaken on both counts.

This court's local rules allow only a motion, an opposition brief and a reply brief. See Civil L.R. 7(a) (motion), (b) (non-moving party's response) and (c) (reply). The applicable local rule does not mention sur-reply briefs and does not set a deadline for filing a sur-reply brief. That is because "[s]ur-replies generally are disfavored," Gomez v. V. Marchese & Co., Case No. 20-cv-1802, 2023 WL 4059090, at *8 (E.D. Wis. June 19, 2023) (citation omitted). Courts grant leave to file them "only rarely." Id. (quoting Groshek v. Time Warner Cable, Inc., Case No. 15-cv-157, 2016 WL 4203506, at *4 (E.D. Wis. 2015), *aff'd* 865 F.3d 884 (7th Cir. 2017)). Because the rules do not entitle the plaintiff to file a sur-reply brief and because there is no federal or local rule setting a deadline for filing a sur-reply brief, there was no deadline for the court to extend. The plaintiff had no "reply period" to extinguish, and the postal service did not interfere with any deadline set by the federal or local rules.

Because there was no deadline for the plaintiff to file a sur-reply, or to file a motion seeking leave to file a sur-reply, the court will deny his motion for an extension of time to request and file a sur-reply. Dkt. No. 37.

### III. Plaintiff's Motion to Submit an Amended Pleading Pursuant to Civ. L. R. 15 (Dkt. No. 33)

In one of the motions signed September 27, 2024, the plaintiff asserts that

8

as allowed pursuant to Civil L.R. 15. Amended and Supplemental Pleadings., a Surreply is warranted to address falsities of facts and legal conclusions, and an extension of time is warranted to fully prepare such, as Plaintiff must request by motion leave to file a Surreply, and researching and drafting said Surreply cannot be effected pursuant to LR of this Court.

Dkt. No. 33 at 2. The plaintiff cites Civil L.R. 15(b) in support of his request "to amend Plaintiffs prior Motion for Extension of Time, as properly filed and dated September 15th, 2023, as a pleading moving to amend said previous pleading," acknowledging that the court's local rule requires a party seeking leave to amend to "state specifically what changes are sought by the proposed amendments." Id. At the end of the motion, the plaintiff states:

As there essentially remains only two procedural outcomes, which are ultimately the same in all cases, absent affirming Plaintiffs Original or Amended Complaints, met the initial pleading requirements to sufficiently provided notice, in the interests of judicial efficiency it is suggested, pursuant to this Courts discretion, and/or its obligations pursuant to case precedent, an order to amend Plaintiffs complaints be issued, making the motion for extension of time of 09/15/23, and this amended motion, moot.

Id. at 3.

It is not clear what relief the plaintiff seeks with this motion. The plaintiff may be asking permission to amend his September 15, 2023 motion for an extension of time to seek leave to file a sur-reply. If that is the relief he seeks in this motion, the motion is unnecessary. As the court has explained, there was no deadline by which the plaintiff was required to seek leave to file a sur-reply—or a deadline by which to file a sur-reply—so the plaintiff did not need an extension of that deadline, and he does not need to amend his request for an extension of a deadline that did not exist.

But the plaintiff also may be asking permission to amend his *complaint*. He cites this court's Civil L.R. 15 and, at the end of this motion, talks about amending his "complaints." Federal Rule of Civil Procedure 15 allows a party to amend *pleadings*. Fed. R. Civ. P. 7(a) defines "*pleadings*" as

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint; and
> (6) if the court orders one, a reply to an answer.[3]

The plaintiff has filed two pleadings—his April 15, 2022 complaint (Dkt. No. 1) and his February 9, 2023 amended complaint (Dkt. No. 18). The rule—Fed. R. Civ. P. 15(a)(1)(A)—allows a party to amend a pleading (in this case, a complaint) once without the court's permission if he does so no later than twenty-one days after serving the complaint, or no later than twenty-one days after the opposing party files its answer. Otherwise, a party may amend only with the opposing party's written consent or the court's permission. Fed. R. Civ. P. 15(1)(2). The plaintiff already has amended his complaint once, so for him to be able to amend it a second time, he needs the court's permission. This court's Civil L.R. 15(a) says that if a party wishes to amend a pleading (in this case, the complaint), that party "must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." It requires

---

[3] A motion is not a "pleading" governed by Fed. R. Civ. P. 15 or by this court's Civil L.R. 15. The plaintiff says that he submitted this amended motion for an extension of time under Fed. R. Civ. P. 15(a)(1)(A) (which allows a party to amend a *pleading* once as a matter of course within certain time frames), but that rule does not apply to *motions*.

10

a person filing a motion for permission to amend to "state specifically what changes are sought by the proposed amendments," and it requires the party seeking to amend to file the proposed amended complaint "as an attachment to the motion to amend." Civil L.R. 15(b).

If, in this motion, the plaintiff is seeking permission to *amend* his February 9, 2023 amended complaint—the one the defendants have moved to dismiss—the court must deny that motion. The plaintiff has not complied with Civil L.R. 15(a) and (b). He has not provided the court with his proposed amended complaint—either as a separate filing or as an attachment to this motion. Nor has he identified which parts of the amended complaint he wishes to change and how.

Finally, the plaintiff may be asking permission to for leave to file a sur-reply. The plaintiff asserts that "as allowed pursuant to Civil L.R. 15. Amended and Supplemental Pleadings," a sur-reply is warranted. But Civil L.R. 15 does not govern sur-replies to *motions*; it governs amendments and supplements to *pleadings*, such as complaints and answers.

The plaintiff cites Smith v. Bray, 681 F.3d 888 (7th Cir. 2012) for the assertion that "[t]here is no requirement that a party file a Surreply to address an argument believed to be improperly addressed, and a party need not seek leave to file a Surreply in order to preserve an argument for purposes of appeal." Dkt. No. 33 at 1. Bray involved a motion for summary judgment in which the party moving for summary judgment asserted in her reply brief that the opposing party had relied on inadmissible evidence, and the opposing party

didn't have the opportunity to respond to that argument. The Seventh Circuit stated that the non-moving party was not required to file a sur-reply in that context. Id. at 903. No one is asserting here that the plaintiff is required to file a sur-reply brief; he is the party asserting that a sur-reply is necessary, but this motion does not explain why, other than asserting an unsupported claim that a sur-reply is necessary "to address falsities of facts and legal conclusions." Dkt. No. 33 at 1.

The court will deny the plaintiff's motion to submit an amended pleading pursuant to Civil L.R. 15. Dkt. No. 33.

## IV. Plaintiffs Amended Expedited Non-Dispositive Motion Requesting Extension of Time Pursuant to Civ. L.R. 7(h) to Request and File a Surreply (Dkt. No. 34)

In this second document signed September 27, 2023, the plaintiff identifies the motion as a "motion to amend Plaintiffs prior Motion for Extension of Time, properly filed and dated September 15th, 2023 . . . ." Dkt. No. 34 at 2. He argues that "it is appropriate discard the totality of the prior motion for extension of time dated 09/23/23, as Plaintiff was in Mexico . . . ." Id. He says that if his "Complaints are found to be procedurally deficient, he is fully entitled to amend them . . . ." Id. The plaintiff accuses the defendants of "falsely" asserting that he filed a motion for leave to amend, id. at 3, disputes the defendants' arguments in favor of dismissal, id. at 3, argues that summary judgment in favor of the defendants is not proper,[4] id. at 4, and maintains that

---

[4] The defendants have not filed a motion for summary judgment under Fed. R. Civ. P. 56. They have filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). See Dkt. No. 19.

the defendants falsely characterize his brief in opposition to the motion to dismiss as a motion for leave to amend his complaint, id. at 4. He reiterates that if the court finds his complaints deficient, the court "is obligated pursuant to well established case precedent across the land, and this district, Plaintiff is entitled to at least one amendment, and case precedent has allowed typically at least three amendments, to even the most egregious of *Pro Se* complaints, to address the identified deficiencies." Id. at 4.

In this motion, the plaintiff points out that in their reply brief, the defendants "cite the word '*immunity*' approximately 13 times," yet argue that they are not a local government entity. Id. at 5. He characterizes these representations as "perjurious," and says that "[a]s Defendants now seem to assert that are only '*Qualified Immunity*', Plaintiff must be given an opportunity to address, through a Sur-reply, a 'new' point raised, that namely the immunity sought, is limited to the specific words or phrases of '*Qualified Immunity*', or '*Monell Immunity*'." Id.

At the end of the motion, the plaintiff states that "absent researching the knowledge to determine what immunities the defendants may be entitled so as some special governmental entity which is not local or governmental, which can only be accomplished upon [the plaintiff's] return to the United States, which occurs after his response time has expired." Id. at 6.

Again, it is not clear what relief the plaintiff seeks. If he wants to amend—again—his motion for an extension of time to seek leave to file a sur-reply, or to file a sur-reply, his motion is unnecessary because there was no

13

deadline for the court to extend. If he seeks leave to amend his original or amended complaint, he has not complied with Civil L.R. 15. The plaintiff also is incorrect that if the court finds his amended complaint deficient, it is *required* to give him leave to amend. Courts have the *discretion* to give a self-represented person leave to amend, and Fed. R. Civ. P. 15(a)(2) says that courts "should freely give leave when justice so requires." But a district court "need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." Beethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 860-61 (7th Cir. 2001) (citations omitted).

That said, if the plaintiff is seeking leave to amend to cure "deficiencies" in his amended complaint, his request is premature. The plaintiff seems to assume that the court will grant the defendants' motion to dismiss. The court has not yet ruled on the merits of that motion. If the court does conclude that the plaintiff's amended complaint fails to state a claim upon which a federal court may grant relief, the court will decide at that time whether to give the plaintiff another chance to amend to try to state a claim.

As for the plaintiff's argument that he needs to file a sur-reply brief because the defendants raised an issue for the first time in their reply brief, the record contradicts the plaintiff's assertion. In their brief in support of their motion to dismiss, the defendants argued that they were entitled to qualified immunity. Dkt. No. 20 at 6-8. In their reply brief, they recount that the plaintiff did not respond to that argument in his opposition brief. Dkt. No. 32 at 3. The

14

plaintiff had an opportunity to respond to the defendants' qualified immunity argument when he filed his opposition brief (Dkt. No. 30) and did not do so, and the defendants did not use their reply brief to expand on their qualified immunity argument. There is no basis for the court to allow the plaintiff to file a sur-reply brief.

The court will deny this motion. Dkt. No. 34.

## V. Plaintiff's Expedited Motion Pursuant to Civ. L.R. 7(h) Motion to Strike Pleading – Docket No. 18 (Dkt. No. 35)

In the motion signed September 28, 2023, the plaintiff argues that his February 6, 2023 amended complaint "was not submitted in compliance with Civil L.R. 15." Dkt. No. 35 at 1. He says that after doing his own research, he has learned that this court's Civil L.R. 15 requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference," and that the proposed amended complaint must be attached to the motion for leave to amend. Id. at 2. He cites Fed. R. Civ. P. 12(f)(1), and says that because his amended complaint "was not properly submitted pursuant to either FRCP or the LR of this court, it must be stricken, without prejudice." Id. at 3. He asserts that if the court strikes his amended complaint, "all pertinent pleadings opposing" that amended complaint "are rendered as moot," and he says that if the court doesn't grant his motion to strike his amended complaint, the court must allow him to amend it. Id. at 3. He maintains that the original complaint should be the operative pleading. Id. at 4.

15

A motion to strike under Rule 12(f) allows a court "to strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." It allows the court to do so on its own, or on a motion made by a party "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." The plaintiff has not demonstrated that his amended complaint contains "redundant, immaterial, impertinent, or scandalous matter." More to the point, Rule 12(f) assumes that the *opposing party* will file the motion to strike—it is not a vehicle for the party who filed the pleading to withdraw or amend that pleading. The court has no basis to "strike" the amended complaint under Rule 12(f).

The plaintiff is concerned that the court will grant the defendants' motion to dismiss this lawsuit. His motion to "strike" the amended complaint is an attempt to moot the motion before the court rules on its merits, and it is not appropriate. The appropriate way for the plaintiff to address any concerns he has that his amended complaint is deficient is to file a motion for leave to file a second amended complaint, and to follow this court's Civil L.R. 15 by identifying in that motion the changes he wants to make to the amended complaint and by attaching to the motion for leave to an amend a copy of his proposed second amended complaint.

The court denies the plaintiff's motion to strike the amended complaint. Dkt. No. 35. The amended complaint remains the operative complaint.

## VI. Plaintiff's Expedited Motion Pursuant to Civ. L.R. 7(h) Additional Notices of Unlawful Pro Se Bias and Request for Recusal (Dkt. No. 36)

This is the plaintiff's second motion (in this case) asking the court to recuse. As the court stated in its order denying the plaintiff's first motion for recusal, dkt. no. 26, the court has addressed the plaintiff's arguments for recusal in his related case, Hobbs v. Shesky, Case No. 22-cv-680, Dkt. No. 56, pages 28-32. As the court explained in Shesky, the plaintiff has not shown that recusal is required under 28 U.S.C. §455(a). The court is not biased against the plaintiff (either because he represents himself or because of some personal animus—the court does not know the plaintiff), the court is not biased in favor of the defendants (whom the court also does not know), the court has not engaged in *ex-parte* communications with the defendants and has not prevented the plaintiff from filing papers.

In this second motion, the plaintiff alleges that the court's local rules burden citizens—including the plaintiff—needlessly. Dkt. No. 36 at 2. But other litigants manage to follow those rules, including *pro se* litigants and even incarcerated litigants. The plaintiff says that he reserves the right to file an affidavit in support of judicial recusal, in which he will allege various forms of misconduct (accepting perjurious testimony, admonishing the plaintiff without justification, denying his requests to file electronically, not requiring the defendants to comply with the local rules and not allowing him to use the "clerks electronic drop box"). Id. The plaintiff may file his affidavit; the court does not determine what he files (although it notes that it has not accepted *any*

17

testimony in this case, much less any perjured testimony). The plaintiff alleges that the Clerk of Court has not timely filed the documents he sends. Id. at 3. The plaintiff presents no proof of this allegation, and the clerk's office dockets documents within twenty-four hours of the business day on which they are received. None of the plaintiff's arguments in this second motion support the court recusing itself.

The court denies the plaintiff's second motion for recusal.

**VII. Plaintiff's Expedited Motion Pursuant to Civ. L.R. 7(h) Motion to Strike Pleading – Docket No. 40 (Dkt. No. 41)**

Finally, the plaintiff asks the court to strike the Defendants' Brief in Opposition to Plaintiff's Motion to Amend Complaint (Dkt. No. 40). The plaintiff says that the defendants did not file the brief in compliance with the Federal Rules of Civil Procedure or "this bars Civil L.R." Id. at 1. He says that the defendants dated their brief November 27, 2023, but that it was filed as a response to the plaintiff's September 27, 2023 motion (Dkt. No. 33), which he provided the defendants electronically on September 27, 2023. Id. at 2. He argues that the "generally accepted maximum time frame to submit a reply pleading is 21 day (see FRCP R. 12)," and argues that the defendants did not file their brief until sixty-one days after his September 27, 2023 motion. Id.

The court will deny this motion. Under Civ. L.R. 7(b), a non-moving party's response to a motion "must be filed within 21 days of service of the motion." Fed. R. Civ. P. 5(b) describes acceptable forms of "service"—handing the motion to the person, leaving it at the person's office, mailing it to the person's last known address, leaving it with the Clerk of Court (if the person

18

has no known address), sending it via the court's electronic filing system or "delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery." The plaintiff says that he provided the defendants with "electronic notice." Dkt. No. 41 at 2. That is not an acceptable form of service under Fed. R. Civ. P. 5.

The court has explained that the clerk's office received the motion at Dkt. No. 33 on November 6, 2023, and that is when it was docketed. The defendants filed their brief in opposition on November 27, 2023—exactly twenty-one days after the plaintiff's motion was docketed. Their response was time, and the court will not strike it.[5]

**VIII. Conclusion**

The court **DENIES** the plaintiff's motion for extension of time to request and file a sur-reply to the defendants' motion to dismiss. Dkt. No. 37.

The court **DENIES** the plaintiff's motion to submit an amended motion for extension of time to request and file a sur-reply. Dkt. No. 33.

The court **DENIES** the plaintiff's amended motion for extension of time to request and file a sur-reply. Dkt. No. 34.

---

[5] That said, the court did not consider the defendants' opposition brief in ruling on the plaintiff's motion at Dkt. No. 33. It appears that the defendants were confused about the relief the plaintiff was seeking, which means that it was not helpful to the court in resolving the motion.

The court **DENIES** the plaintiff's motion to strike the defendants' brief in opposition to his motion to submit an amended motion for extension of time to request and file a sur-reply. Dkt. No. 41.

The court **DENIES** the plaintiff's motion to strike the amended complaint. Dkt. No. 35.

The court **DENIES** the plaintiff's motion for recusal. Dkt. No. 36.

Dated in Milwaukee, Wisconsin this 30th day of September, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**