UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOUSTON HOBBS,

Plaintiff,

Case No. 22-cv-467-pp

v.

NICHOLAS WILLIS, *et al.*,

Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 19)
AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On April 15, 2022, the plaintiff, representing himself, filed a complaint
alleging that the defendants violated his civil rights under 42 U.S.C. §1983.
Dkt. No. 1. The plaintiff filed an amended complaint in February 2023, bringing
additional claims of conspiracy to violate his civil rights, negligence, negligent
hiring and supervision and intentional infliction of emotional distress. Dkt. No.
18. The defendants filed a motion to dismiss the amended complaint for failure
to state a claim, dkt. no. 19, which is fully briefed, dkt. nos. 20, 30, 32. The
court will grant the defendants' motion to dismiss and give the plaintiff an
opportunity to amend his complaint.

I.     **Background**

This is the first of four cases the plaintiff filed in this district in 2022. See
also Hobbs v. Shesky, *et al.*, Case No. 22-cv-492-pp (filed April 22, 2022 and
closed November 7, 2022); Hobbs v. Sparks-Shesky, *et al.*, Case No. 22-cv-680-

1

pp (filed June 10, 2022); <u>Hobbs v. Haaland, *et al.*</u>, Case No. 22-cv-721-pp (filed June 21, 2022)). The plaintiff has filed eight other related cases: three in the federal court for the Western District of Texas, one in the federal court for the Northern District of Illinois, one in the federal court for the District of Columbia, one in the federal court for the Eastern District of Missouri and two in this court. <u>See</u> <u>Haaland</u>, Case No. 22-cv-721, Dkt. No. 1-2 at 1–2. The Western District of Texas consolidated four of the plaintiff's cases and dismissed them for failure to state a claim. <u>Hobbs v. Stanley</u>, Case No. 22-cv-342 (W.D. Tex.). The plaintiff has appealed the dismissal of those cases to the Fifth Circuit. <u>Hobbs v. Stanley</u>, Case No. 24-50705 (5th Cir.). The other cases, save the three pending in this district, have been dismissed. <u>Hobbs v. Cobb</u>, Case No. 22-cv-1076 (D.C. Cir.) (dismissed May 6, 2022); <u>Hobbs v. Bauch</u>, Case No. 22-cv-1924 (N.D. Ill.) (dismissed June 7, 2022); <u>Hobbs v. Doe Run Corp.</u>, Case No. 22-cv-612 (E.D. Mo.) (dismissed Sept. 30, 2023).

The plaintiff begins his amended complaint by asserting that his original complaint is "incorporated fully herein by reference." Dkt. No. 18 at 1. The plaintiff asserts that the amended complaint is intended to "explain the misconduct more accurately." <u>Id.</u> He alleges that the defendants engaged in a "conspiracy to interfere with Plaintiff's civil rights" in violation of 42 U.S.C. §§1983, 1985(2) and 1985(3). <u>Id.</u> at 3. He contends that he was "irrationally targeted for discriminatory treatment" by the defendants acting under color of law, including employees of the Village of Mount Pleasant, Wisconsin, the Mount Pleasant Police Department and unknown "agents" of the local or

2

federal government sued as John Does. Id. at 5. The plaintiff alleges that his "mistreatment" was executed either through the municipal defendants' widespread custom or practice or through a decision of a municipal agent in a supervisory capacity. Id.

The actual sequence of events giving rise to the plaintiff's claims is difficult to follow. As best as the court can determine, the plaintiff alleges that on November 1, 2018, law enforcement entered his "federal duty station/residence" "without the express permission of the Plaintiff." Id. at 4, 6. He states that he then "ordered and instructed" law enforcement not to re-enter his "duty station/residence." Id. at 5–6. The plaintiff alleges that law enforcement arrested him and detained him in a patrol car "for an extended period of time." Id. at 8. He argues that this was in retaliation for his request to the officers to stay out of his residence. Id. He argues that this arrest was "without probable cause" and was "retaliatory, conspiratorial, pretextual and fraudulent." Id. The plaintiff contends that officers arrested him in retaliation for exercising his right to free speech under the First Amendment by ordering officers to stay out of his residence. Id. at 9.

The plaintiff states that subsequently he was charged with disorderly conduct. Id. at 8. He alleges that the Village Attorney, defendant Christopher Smith, withheld exculpatory evidence from the plaintiff. Id. at 10. The plaintiff alleges that defendant Smith and defendant Tim Zarzecki, the Mount Pleasant Police Chief, provided information about his arrest to Angela Stevens, a special

3

agent in the Office of Professional Responsibility for the Bureau of Land Management, the plaintiff's employer at the time of the arrest. Id. at 11.

The plaintiff argues that the defendants conspired to "obtain an unlawful conviction" in the plaintiff's disorderly conduct case; obtain "an unlawful conviction of federal property theft and credit card fraud;" obtain "an unlawful assessment of a Federal Debt" through false testimony to the Department of the Treasury; and prevent the plaintiff from continuing his employment with the Bureau of Land Management or obtaining other federal employment through "additional employment discrimination and retaliation." Id. at 11–12.

The plaintiff alleges that the defendants acted in concert to deprive him of his constitutional rights, commit federal or state crimes, interfere with a federal officer and tortiously interfere with the plaintiff's employment contracts. Id. at 13. He asserts that the defendants conspired to interfere with his civil rights while acting under color of law. Id. at 14–15. He maintains that the defendants conspired to violate his "equal employment rights" under Title VII of the Civil Rights Act "and/or" the Age Discrimination in Employment Act. Id. at 16. The plaintiff alleges that the defendants engaged in a conspiracy to "commit any other federal crime," specifically, interfering with the plaintiff's ability to perform his duties as a federal employee. Id. at 17. Finally, the plaintiff brings several tort claims against the defendants, including tortious interference with contract; negligence; failure to intervene; negligent hiring, supervision and training; and intentional infliction of emotional distress. Id. at 18–23. He seeks $3,000,000 in damages in addition to letters of recommendation for law school,

4

law school expenses, expungement of his criminal record and a variety of other non-monetary compensation for his alleged injuries. Id. at 24–27.

## II.    **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court takes "all the factual allegations in the complaint as true," Ashcroft v. Iqbal, 556 U.S. 662 (2009), and draws all reasonable inferences in the plaintiff's favor, Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016).

## III.    **Motion to Dismiss**

### A.    Defendants' Motion (Dkt. No. 20)

The defendants first argue that the amended complaint fails to state a claim for relief under 42 U.S.C. §§1983, 1985(2) or 1985(3). Dkt. No. 20 at 3-6. They argue that to state a claim under any of these statutes, the plaintiff must

allege that he is part of a protected class. Id. at 3–4. They assert that the plaintiff's statement that he was "intentionally treated . . . differently than others similarly situated" is not sufficient. Id. at 4. The defendants argue that the plaintiff's failure to identify his membership in a protected class is fatal to his claims. Id. The defendants also argue that the plaintiff has not identified a causal connection between any action by the defendants and any alleged deprivation of rights. Id. at 4–5. The defendants contend that the plaintiff provides only vague, conclusory statements such as that the defendants (as a whole) arrested the plaintiff and "falsely alleged" he committed a violation of law and that the defendants were "negligent in preventing" the co-conspirators from conspiring against the plaintiff. Id. at 5–6. The defendants maintain that because the plaintiff has not identified any specific improper conduct by any of the defendants, the court must dismiss the amended complaint for failure to state a claim. Id. at 6.

The defendants next argue that they are entitled to qualified immunity. Id. They argue that even if the plaintiff had established he was falsely arrested, qualified immunity shields a government official "if, when he acted, 'he reasonably could have believed that his action did not violate a clearly established law.'" Id. at 7 (quoting Cham v. Wodnick, 123 F.3d 1005, 1008 (7th Cir. 1997)). The defendants contend that the court first must determine whether the official's actions violated a constitutional right. Id. (citing Borello v. Allison, 446 F.3d 742, 746 (7th Cir. 2006)). According to the defendants, because the plaintiff has not pled that the defendants violated any

constitutional right, they are entitled to qualified immunity and the court must dismiss the amended complaint. Id. at 8.

The defendants next argue that the plaintiff failed to plead a municipal liability claim against the Village of Mount Pleasant. Id. They assert that "[a] municipality cannot be liable under Monell [v. Department of Social Services, 436 U.S. 658 (1978)] when there is no underlying constitutional violation by a municipal employee." Id. (citing Gaetjens v. City of Loves Park, 4 F.4th 487, 495–96 (7th Cir. 2021)). They argue that because the plaintiff has not plead any underlying constitutional violation, the court must dismiss the Monell claim. Id.

As for the plaintiff's state law claims for negligence and negligent hiring, supervision and training, the defendants argue that they are entitled to discretionary immunity under Wis. Stat. §893.80(4). Id. at 9. They argue that public officers and the governmental entities that employ them are immune "from liability for injuries resulting from the performance of any discretionary act within the scope of their governmental employment." Id. (quoting Wilson v. City of Milwaukee, 138 F. Supp. 2d 1126, 1130 (E.D. Wis. 2001)). According to the defendants, "the manner in which law enforcement officials carry out their responsibilities is discretionary." Id. at 10 (citing Estate of Perry v. Wenzel, 185 F. Supp. 3d 1087, 1099-1100 (E.D. Wis. 2017)). The defendants argue that there is no exception to this doctrine applicable to the facts of this case. Id. at 11. The defendants also argue that Wis. Stat. §893.80(4) provides a governmental entity with immunity from any intentional torts by its officers

7

and employees. Id. at 12. They maintain that the court must dismiss the plaintiff's intentional tort claims. Id.

The defendants argue that all the plaintiff's state law claims must be dismissed because he failed to provide statutorily-required notice to the defendants prior to filing this case. Id. at 13. They maintain that written notice within 120 days of the event giving rise to the claim is required before bringing any legal action against a government agency or official. Id. The defendants contend that because the plaintiff alleges that the events giving rise to this case occurred on November 1, 2018, the plaintiff was required to provide them notice on or before March 1, 2019. Id. According to the defendants, they did not received a notice by this date, compelling dismissal of all the plaintiff's state law claims. Id.

B.    Plaintiff's Response (Dkt. No. 30)

The plaintiff responds that his original complaint was "fully accepted" by the court because the parties began discovery before the plaintiff filed his amended complaint. Dkt. No. 30 at 4. He argues that the defendants essentially waived any objection raised in their motion by failing to raise it in response to the original complaint. Id. The plaintiff contends that he is entitled to "at least three future amended pleading[s] pursuant to well established case precedent" to "more fully inform the court, and/or reaffirm, what the Defendants are already fully aware of." Id. at 6. He argues that the "materials in the record" provide the requisite factual details that the defendants seek, including the wrongful conduct, who executed it, the plaintiff's protected class

8

and other relevant facts. Id. He argues that as a self-represented litigant, he is entitled to liberal construction of his pleadings and that there was no obligation for him to identify facts that the defendants already know. Id. at 6–7.

The plaintiff argues that Wis. Stat. §893.80(4) does not provide immunity for officials who committed violations of federal, rather than state, law. Id. at 7. He asserts that even if the defendants were entitled to immunity, he still may seek a declaratory judgment from the offending state officials. Id. at 8. He also argues that the defendants acted "criminally" such that any reasonable person in their positions would know that their conduct was unlawful. Id. at 9. He argues that immunity does not apply where an official acted "in bad faith or with malice." Id. at 10 (quoting Wealot v. Brooks, 865 F.3d 1119, 1129 (8th Cir. 2017)).

The plaintiff next argues that the notice requirement in Wis. Stat. §893.80(1d) does not bar this suit. Id. at 10–11. He argues that any notice requirement was "stayed under the '*doctrine of continuing harms*.'" Id. at 11 (emphasis in original). He argues that his assertions of innocence throughout his criminal prosecution constituted constructive notice of his claim. Id. The plaintiff maintains that he did not know the extent of the conspiracy until December 2021, when "his innocence was affirmed by the Court." Id. He says that he filed his original complaint within 120 days of December 16, 2021, and that the complaint serves as written notice under the statute. Id. He also argues that because he is a Texas resident asserting violations of Texas law, Wisconsin statutes are not applicable. Id.

9

The plaintiff asserts that the defendants' motion was procedurally improper because it presents meritless arguments. Id. at 15–16. According to the plaintiff, because the motion was intended to "harass and induce bias" against the plaintiff, the court should strike the motion from the record. Id. at 16. The plaintiff argues that by filing a motion instead of an answer, the defendants have not denied the allegations in the complaint; he maintains that the misconduct alleged in the complaint should be deemed admitted. Id. at 16–17. The plaintiff invokes the summary judgment standard and local rules governing summary judgment, asserting that the defendants did not submit a separate statement of facts or other materials to support their motion. Id. at 18–19. The plaintiff reiterates that he is entitled to a liberal construction of his complaint as a self-represented litigant. Id. at 20–23.

C.    Defendants' Reply (Dkt. No. 32)

The defendants object to the plaintiff's requests that the court take notice of "materials in the record." Dkt. No. 32 at 1–2. The defendants argue that the court may not consider extrinsic evidence when ruling on a motion to dismiss. Id. at 2 (citing Grand Opera Co. v. Twentieth Century Fox Film Corp., 235 F.2d 303, 307 (7th Cir. 1956)). They reiterate that the plaintiff has not identified or explained the misconduct the defendants allegedly engaged in. Id. at 3. They argue that the statement that the defendants are "fully aware" of the events at issue is insufficient to state a claim. Id.

The defendants assert that the plaintiff failed to respond to most of their arguments. Id. at 2–3. They argue that the defendant has not identified his

10

membership in a protected class. Id. They argue that the plaintiff did not make any argument as to qualified immunity, only "local immunity." Id. at 3. They also argue that the plaintiff did not address their Monell arguments, compelling dismissal of that claim. Id. at 4.

The defendants assert that the plaintiff has failed to establish that any of the government actors engaged in conduct that was malicious, willful and intentional. Id. at 4–5. They contend that the plaintiff merely "regurgitates case law" identifying the applicable standard. Id. at 5.

The defendants say that the plaintiff admits that he did not give written notice of his claim prior to filing this case. Id. They argue that even if the plaintiff's plea in his related criminal proceedings could provide constructive notice, the municipal defendants were not named in the criminal case and so could not receive notice of any plea. Id. at 5–6. The defendants argue that the plaintiff's residence in Texas does not relieve him of the duty to notify a Wisconsin municipality of any case against them. Id. at 6.

Finally, the defendants state that their pleading was properly filed and that the filing of a motion to dismiss tolls the time to file an answer to a complaint. Id. at 8–9.

## IV. Analysis

The plaintiff submitted a combined response brief and a request for leave to file a second amended complaint. See Dkt. No. 30. The court denied the multiple requests for leave to amend his complaint that the plaintiff filed after he'd filed his opposition brief, because none of them complied with Civil Local

11

Rule 15 (E.D. Wis.), which requires that a party "must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Dkt. No. 43 at 10–11 (quoting Civil L.R. 15(a)). That rule also requires that the person seeking to amend his pleading must "state specifically what changes are sought by the proposed amendments," and must file the proposed amended complaint "as an attachment to the motion to amend." Civil L.R. 15(b). Like those requests for leave to amend, the plaintiff's brief in opposition to the motion to dismiss does not comply with Civil L.R. 15. To the extent the plaintiff wants permission to amend his complaint rather than have the court rule on the defendants' motion to dismiss, the court will deny that request.

Turning to the motion to dismiss, the plaintiff argues that the defendants have admitted his claims by failing to admit or deny the allegations in the amended complaint. But Fed. R. Civ. P. 12(b) allows a defendant to raise certain affirmative defenses by motion in lieu of an answer; one of those affirmative defenses is failure to state a claim upon which relief can be granted (Rule 12(b)(6)—the rule under which the defendants seek dismissal). The defendants were not required to file an answer if they elected, instead, to file a motion raising that affirmative defense.

As for the plaintiff's reliance on Rule 56 and his argument that the defendants have not filed a separate statement of facts or supporting materials, Rule 56 governments motions for summary judgment, not motions to dismiss. A motion for summary judgment allows a party to move for judgment "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). Because Rule 56(c) requires the moving party to present evidence in support of the motion for judgment, parties generally file motions for summary judgment only after they have exchanged discovery, not at the outset of a case.

Indeed, because a motion to dismiss focuses solely on the allegations in the complaint, "[o]rdinarily, when adjudicating a motion to dismiss under Rule 12(b)(6), a district court is limited to the allegations in the complaint." Financial Fiduciaries, LLC v. Gannett Co., Inc., 46 F.4th 564, 663 (7th Cir. 2022) (citing Gen. Elec. Cap. Corp. v. Lease Resol. Corp., 128 F.3d 1074, 1080 (7th Cir. 1997)). "If a court considers "matters outside the pleadings," the "motion must be treated as one for summary judgment." Id. (quoting Fed. R. Civ. P. 12(d). It would not have been appropriate for the defendants to file evidence along with their motion to dismiss.

The court now will turn to the substance of the claims and the arguments.

A.    Failure to State a §1983 or §1985 Claim

The amended complaint fails to state a claim under 42 U.S.C. §1983. To state a claim for relief under §1983, a plaintiff must allege that the defendants (1) deprived him of a right secured by the Constitution or laws of the United States; and (2) did so while acting under color of state law. Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)). "[I]ndividual

13

liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" Minix v. Canarecci, 597 F.3d 824, 833 (7th Cir. 2010) (quoting Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003)). "In a civil-rights action under 42 U.S.C. § 1983, plaintiffs must sue the people personally responsible for the violation." Henderson v. Jess, Case No. 21-1585, 2022 WL 1831133, at *4 (7th Cir. June 3, 2022) (citing Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018)). The amended complaint does not identify the individuals who allegedly engaged in the deprivation of the plaintiff's rights. As the defendants point out, the plaintiff alleges only that the "defendants" as a group conspired against him and deprived him of his rights. To state a claim under §1983, the plaintiff needed to identify the rights of which he claims he was deprived, who deprived him of those right, when they did it and how they did it. The amended complaint does not provide that information.

The plaintiff's claims under §1985 fare no better. Under §1985(3), the plaintiff must allege "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to a person or property or a deprivation of a right or privilege granted to U.S. citizens." Green v. Benden, 281 F.3d 661, 665 (7th Cir. 2002). To state a §1985(3) claim, a plaintiff must allege "a predicate race-based or class-based equal-protection violation." Thorncreek Apts. III, LLC v. Mick, 886 F.3d 626, 633 (7th Cir. 2018) (citing Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008)). "[C]lass-based" animus can be based on "sex, religion, ethnicity, or political loyalty." Id. (quoting Volk

v. Coler, 845 F.2d 1422, 1434 (7th Cir. 1988)); Thorncreek Apartments, 886 F.3d at 634 (recognizing that section 1985(3) requires a "predicate race-based or class-based equal-protection violation"). The amended complaint does not allege that the plaintiff is a member of a protected class or identify that class. His assertion that the defendants "know" his protected class or that this information is contained in "the record" is insufficient. The plaintiff must put all his allegations *in the amended complaint* to state a claim for relief. He has not done so.

The court will dismiss the plaintiff's claims under §§1983 and 1985 for failure to state a claim upon which relief can be granted.

B.      Qualified Immunity

Because the court is dismissing the plaintiff's claims under §§1983 and 1985 for failure to state a claim, the court need not address the defendants' qualified immunity arguments. Should the plaintiff file a second amended complaint and should the defendants move to dismiss it, they may renew their qualified immunity arguments then.

C.      Monell Claims

Because the court is dismissing the plaintiff's claims under §§1983 and 1985 for failure to state a claim, the plaintiff's Monell claims for municipal liability also fail. "[A] municipality cannot be liable under Monell when there is no underlying constitutional violation by a municipal employee." Gaetjens, 4 F.4th at 495 (quoting Sallenger v. City of Springfield, 630 F.3d 499, 504 (7th Cir. 2010)).

The court will dismiss the plaintiff's <u>Monell</u> claims.

D.     <u>State Law Immunity</u>

The defendants contend that the plaintiff's state law claims are barred by the Wisconsin discretionary immunity statute, Wis. Stat. §893.80(4). That statute bars suit against public employees "for acts done in the exercise of the legislative, quasi-legislative, judicial, or quasi-judicial functions." The defendants acknowledge that there is an exception to immunity for conduct that is "malicious, willful, and intentional," <u>Bicknese v. Sutula</u>, 260 Wis. 2d 713, 726–28 (2003), but argue that the plaintiff failed to plead facts supporting an inference that the defendants acted maliciously. The defendants' argument in this regard fails, because immunity under Wis. Stat. §893.80(4) is an affirmative defense, not a pleading requirement. <u>See</u> <u>Anderson v. City of Milwaukee</u>, 208 Wis. 2d 18, 34 (Wis. 1997). The plaintiff "need not anticipate or attempt to plead around potential defenses" in his complaint. <u>Craftwood II, Inc. v. Generac Power Sys., Inc.</u>, 920 F.3d 479, 482 (7th Cir. 2019). The court will not grant the defendants' motion to dismiss the plaintiff's state law claims based on the defendants' possible immunity. They defendants may raise affirmative defenses in their answer, once the time comes for them to file one.

E.     <u>Notice under Wis. Stat. §893.80(1d)</u>

But the plaintiff failed to give the defendants proper notice under Wis. Stat. §893.80(1d), so the court must dismiss the state law claims. "In order to commence a lawsuit against a governmental entity in Wisconsin, a claimant 'must, as a precursor to actually filing suit, serve written notice of the

16

circumstances of the claim within 120 days after the happening of the event.'" Gilbertson v. City of Sheboygan, 165 F. Supp. 3d 742, 746 (E.D. Wis. 2016) (quoting E–Z Roll Off, LLC v. County of Oneida, 335 Wis. 2d 720, 733 (2011)). "Section 893.80[(1d)] prohibits an individual from bringing an action against a municipality . . . unless a notice of claim is first presented and the claim is disallowed. The municipality has 120 days to disallow any claim presented." State ex rel. Auchinleck v. Town of LaGrange, 200 Wis. 2d 585, 593 (Wis. 1996). The statute requires that the written notice contain "the circumstances of the claim," "the address of the claimant and an itemized statement of the relief sought." Wis. Stat. §893.80(1d)(a)–(b). "Compliance with subsections (a) and (b) of §893.80(1d) is mandatory to avoid dismissal of a lawsuit." McGee v. Oshkosh Def., LLC, Case No. 18-CV-705, 2019 WL 4758216, at *8 (W.D. Wis. Sept. 30, 2019) (quoting Vanstone v. Town of Delafield, 191 Wis. 2d 586 (Wis. Ct. App. 1995)) (granting motion to dismiss state law claims based on noncompliance with notice of claim statute). "A court may dismiss such claims under Rule 12(b)(6) when a plaintiff fails to provide the notice required by the statute." Alioto v. Town of Lisbon, Case No. 08-CV-752, 2009 WL 3757005, at *7 (E.D. Wis. Nov. 6, 2009), aff'd, 651 F.3d 715 (7th Cir. 2011) (citing Orthmann v. Apple River Campground, Inc., 757 F.2d 909, 911 (7th Cir.1985)).

The plaintiff did not comply with the requirements of §893.80(1d). It is undisputed that he did not send written notice of his claim to the defendants within 120 days of November 1, 2018. The plaintiff argues that "continuing violations" will toll the 120-day notice period. That argument is without merit.

17

The Wisconsin Supreme Court considered and rejected such an argument in E–Z Roll Off, 335 Wis. 2d at 744–45:

> E–Z, however, fails to cite any authority applying the continuing violations doctrine to the notice of claim statute under Wisconsin law. More importantly, E–Z also ignores a purpose of the notice of claim statute, which is to afford governmental entities the opportunity to compromise and budget for potential settlement or litigation. *See Thorp*, 235 Wis.2d 610, ¶¶ 23, 28, 612 N.W.2d 59. If the continuing violations doctrine were to apply, it would be much more difficult for governmental entities to budget for potential litigation. . . . The legislature did not intend for governmental entities to be exposed to indefinite periods of liability.

Id. at 745.

The plaintiff also contends that his not guilty plea in his criminal case served as constructive notice under the statute. This argument, too, is without merit. Even if the defendants were aware of that plea (and they say that they were not), the plaintiff needed to provide "notice of the circumstances of the claim" *and* "an itemized statement of the relief sought." Wis. Stat. §893.80(1d)(a)–(b). Compliance with both subsections of the statute is "mandatory to avoid dismissal of a lawsuit." McGee, 2019 WL 4758216, at *8; see also Alioto, 2009 WL 3757005, at *7. Pleading not guilty to a disorderly conduct charge is not sufficient to give notice of the circumstances of a claim that the defendants violated the plaintiff's constitutional rights, nor does it provide a statement of the claimed damages.

The court will dismiss the plaintiff's state law claims for failure to comply with Wisconsin's notice of claim statute.

18

## V. Leave to Amend

District courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, but the court need not do so "when 'it is *certain'* that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). "District Courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 685 (7th Cir. 2014) (quoting Gandhi v. Sitara Cap. Mgmt., LLC, 721 F.3d 865, 869 (7th Cir. 2013)).

The plaintiff failed to provide the necessary pre-suit notice to the defendants regarding his state law claims. If he renewed those claims in a second amended complaint, they still would be barred by Wis. Stat. §893.80(1d). Any amendment of those claims would not survive a motion to dismiss and thus would be futile. The court will not allow the plaintiff to file a second amended complaint restating his state law claims.

The plaintiff may, however, amend his federal §§1983 and 1985 claims if he chooses. The court will provide the plaintiff with an amended complaint form. The plaintiff must use this form to prepare his second amended complaint. He must put the case number for this case—22-cv-467—in the field for the case number. He must write the word "Second" next to the words "Amended Complaint" in the title. He may use the lines on pages 2-3 to describe the facts that give rise to his claims as to each defendant. If he needs

19

more space, the plaintiff may use *no more than five, double-spaced additional pages* to lay out the facts of his claims against each defendant. The second amended complaint must be complete in itself; it may not refer the reader back to the original or the amended complaint. This is because "[i]t is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." <u>Flannery v. Recording Indus. Ass'n of America</u>, 354 F.3d 632, 628 n.1 (7th Cir. 2004). The court will not consider any facts that the plaintiff does not include in the second amended complaint. A complaint needs to state only the "who, what, when, where and how" of a plaintiff's claims—the plaintiff need not (and should not) include quotations from statutes, cites to or quotations from cases or legal arguments. The plaintiff should explain what each defendant did to harm him, when the defendant did it, where the events occurred and how the defendant harmed him.

The plaintiff must send his second amended complaint in time for the court to *receive it* by the date the court sets below. If the court does not receive from the plaintiff a second amended complaint by the deadline, the court will dismiss this case on the next business day without further notice or hearing.

## VI. Conclusion

The court **GRANTS** the defendants' motion to dismiss the amended complaint. Dkt. No. 19.

The court **ORDERS** that the plaintiff's state law claims for conspiracy, tortious interference, negligence, failure to intervene, negligent hiring,

supervision and training and intentional infliction of emotional distress are **DISMISSED WITH PREJUDICE**.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, then by the end of the day on **March 21, 2025**, the plaintiff must file a second amended complaint that complies with the requirements in this order. The court **ORDERS** that the plaintiff must file the second amended complaint *in time for the court to receive it by day's end on March 21, 2025*. If the court does not receive a second amended complaint by the end of the day on March 21, 2025, the court will dismiss this case without further notice or hearing.

Dated in Milwaukee, Wisconsin this 14th day of February, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

21